IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENNETH DWAYNE HARTH, SR.                                       PLAINTIFF

v.                                                              No. 4:20CV47-RP

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Kenneth Dwayne

Harth, Sr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the

purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when

he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a

federal cause of action against "[e]very person" who under color of state authority causes the

"deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.

§ 1983. The plaintiff alleges that some defendants denied him adequate medical care, while others

failed to protect him from attack by his fellow inmates. For the reasons set forth below, all defendants

except Corrections Officer Simpson, Nurse Golliday, Corrections Officer Payne, and Captain King

will be dismissed with prejudice from this case.

### Factual Allegations

First, Mr. Harth claims that someone "denied [his Type II] diabetes medications for 7 days on

one occasion." Doc. 1 at 6. The medications were Glimepiride and Metformin. He stopped receiving

the medications on October 29, 2019. He inquired about them on November 9, and someone told him

that the nurse had gone on vacation and he would receive his medication when she returned. He

began receiving them again on November 13. He also states that Nurse Golliday failed to monitor his blood sugar levels. Doc. 1 at 13. He received the medication on November 13.

During this time, the plaintiff's weight fell from 225 pounds to 214 pounds, and he was distressed about his lack of medication. Nurse Golliday also refused to check the plaintiff's blood sugar level about ten or twelve times beginning on March 17, 2020, through July 22, 2020. The plaintiff believes that Nurse Golliday refused to check his blood sugar levels in retaliation for his filing a grievance against Officer Haywood. During this time, the plaintiff's hand "locked up," and he suffered dizziness, night sweats, and numbness in his hands and feet. In addition, his weight fell from 225 pounds to fluctuating between 198 to 203 pounds.

He also claims that he was "[retaliated], harassed by inmate Richardson, Artez" ("Arty") in the Bolivar County Regional Correctional Facility. *Id*. In a grievance attached to his complaint, Mr. Harth alleges, "My right knee has been dislocated and fractured during a fight with Artez Richardson." Doc. 1 at 9. He further stated that he wanted a transfer out of BCRCF to avoid fighting with other gang members – and that he is "no longer safe here." *Id*.

In another grievance attached to the complaint, Mr. Harth states that, sometime between noon and 1:00 p.m., on January 23, 2020, Officer Simpson approached him as he sat in a barber chair and ordered him out of the chair. Doc. 1 at 11. According to Harth, Mr. Simpson was aggressive, unprofessional, and biased against inmate Danny Henderson. Simpson also became aggressive and argumentative with Mr. Harth. *Id*. Harth has requested transfers to various facilities, but those requests have been denied. He has since been transferred to Unit 29 of the Mississippi State Penitentiary.

**Bolivar County Correctional Facility Not Amenable to Suit**

An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006). Similarly, Mississippi jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) The Bolivar County Correctional Facility is not a proper defendant and will be dismissed from this case.

### Plaintiff Named Nurse Ms. Johnson, Sgt. Mr. Brown, Sgt. Mr. Hicks, and Corrections Officer Mr. Farris as Witnesses, Not Defendants

At his *Spears* hearing, Mr. Harth testified that he included Nurse Ms. Johnson, Sgt. Mr. Brown, Sgt. Mr. Hicks, and Corrections Officer Mr. Farris as Witnesses, rather than defendants. As such, these individuals will be dismissed with prejudice from this case.

### MDOC Must Be Dismissed Because It Is Not a "Person" Under 42 U.S.C. § 1983

The complaint fails to state a claim against MDOC under § 1983 because MDOC is not a "person" within the meaning of that statute. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, in order to maintain an action under § 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The MDOC is an agency of the State of Mississippi, created by its statutes. Neither a state nor officials of the state sued in their official capacities are amenable to suit under 42 U.S.C. § 1983 are

not "persons" within the meaning of the statute. As the Supreme Court made clear, "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).[1] Thus, the plaintiff's allegations against MDOC will be dismissed for failure to state a claim upon which relief could be granted, as MDOC is not a proper defendant under 42 U.S.C. § 1983.

### Supervisor Liability

Defendant Sheriff Kelvin Williams, Sr. must be dismissed from this case because the plaintiff has sued him based solely on his role as a supervisor. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007).

There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a

---

[1] In addition, it appears that MDOC would also enjoy sovereign immunity under the Eleventh Amendment. *See Edelman v. Jordan,* 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). However, the court may not rule on that basis at this time, as sovereign immunity is an affirmative defense which must be raised in the first instant by the defendants (with an exception not applicable in this case). *Mowbray v. Cameron County, Texas*, 274 F.2d 269 (5th Cir. 2001).

federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that Sheriff Williams had any personal involvement or was causally connected to the incident in any way. As such, he will be dismissed from this case because the plaintiff's allegations fail to state a constitutional question.

Allegations

### Housing Assignment and Classification

The plaintiff's allegations against defendants Warden Ora Starks, Case Worker Mrs. Williams, Captain Otis Hall, and Officer Mr. Butler must be dismissed for failure to state a constitutional question because the allegations involve only matters of the plaintiff's housing assignment or custodial classification. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification and housing are matters squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff has not identified such an extreme circumstance; as such, his allegations against these defendants must be dismissed for failure to state a claim upon which relief could be granted.

### No Right to Prison Job or Education Program

The Constitution does not confer upon inmates the right to a particular job assignment or education program. *Barnes v. Cain*, 544 F. App'x 483 (5th Cir. 2013) (not reported) (*citing Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 50 (5th Cir.1995)), see also *Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (prisoner eligibility for rehabilitation programs are not subject to due process protections). The assignment of an inmate to a particular job or program is a matter of prison administration which falls within the sound discretion of the prison officials. *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977), s*ee also Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). As such, the plaintiff's claim regarding his participation in an educational program within a state prison will be dismissed. As this was the only allegation regarding defendant G.E.D. Teacher Brittney Lathum, she will be dismissed with prejudice from this action.

### No Valid Claim Against Chief of Security Gloria Wesley

The plaintiff alleges that Chief of Security Gloria Wesley searched his belongings, issued a Rule Violation Report regarding what she found, and made insulting remarks. First, inmates have no Fourth Amendment protections when incarcerated:

> [P]risoners have no legitimate expectation of privacy and … the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.

*Hudson v. Palmer*, 468 U.S. 517, 530, 104 S. Ct. 3194, 3202, 82 L. Ed. 2d 393 (1984); *see also United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009).

In addition, as the plaintiff's due process claim regarding the Rule Violation Report defendant Wesley issued must be dismissed because the plaintiff has not alleged a punishment sufficient to warrant due process protections. *See Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

Further, the plaintiff's claims against defendant Wesley regarding insulting remarks must be dismissed because verbal abuse does not give rise to a cause of action under § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997). For these reasons, defendant Gloria Wesley must be dismissed with prejudice from this suit.

### Claims Going Forward

The plaintiff alleges that Corrections Officer Mr. Simpson ordered another inmate to attack the plaintiff; as such, the plaintiff's claim against Simpson for failure to protect the plaintiff from attack by other inmates will proceed. The plaintiff's claims against Nurse Golliday (for failing to provide adequate medical care) and Corrections Officer Payne (for blocking his access to medical care) will also proceed. Finally, the plaintiff's claims against Captain Mr. King for failure to protect him when seven inmates attacked him will go forward.

### Conclusion

For the reasons set forth above:

(1) The Bolivar County Correctional Facility will be dismissed with prejudice from this case because it is not amenable to suit under 42 U.S.C. § 1983;

(2) Nurse Ms. Johnson, Sgt. Mr. Brown, Sgt. Mr. Hicks, and Corrections Officer Mr. Farris will be dismissed with prejudice from this suit because the plaintiff wishes them to be witnesses, rather than defendants;

(3) The Mississippi Department of Corrections must be dismissed with prejudice from this suit because it is not a "person" who may be sued under 42 U.S.C. § 1983;

(4) Sheriff Kelvin Williams will be dismissed from this case because the plaintiff has sued him only in his capacity as a supervisor;

(5) Defendants Warden Ora Starks, Case Worker Mrs. Williams, Captain Otis Hall, and Officer Mr. Butler will be dismissed from this suit because the plaintiff's allegations against them involve only matters of his custody classification and housing assignment;

(6) The plaintiff's allegations regarding denial of access to prison education classes will be dismissed because prisoners do not enjoy the right to such classes;

(7) Defendant G.E.D. Teacher Brittney Lathum will be dismissed because the plaintiff's allegations against her involve only his access to prison education classes (which is not a valid § 1983 claim);

(8) Defendant Chief of Security Gloria Wesley will be dismissed with prejudice from this case because the plaintiff's three allegations against her (illegal search of his cell, issuing a prison Rule Violation Report, and insulting him) do not state valid claims under § 1983;

(9) The plaintiff's claim that Officer Mr. Simpson ordered another inmate to attack him will proceed;

(10)     The plaintiff's claims that Nurse Golliday denied him access to adequate medical care and retaliated against him will proceed;

(11)     His claim that Corrections Officer Payne blocked his access to medical care will proceed; and

(12)     The plaintiff's claim against Captain Mr. King for failure to protect him against attack by other inmates will also proceed.

**SO ORDERED**, this, the 22nd day of July, 2021.

/s/  Roy Percy
UNITED STATES MAGISTRATE JUDGE