IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH DWAYNE HARTH, SR.**                                        **PLAINTIFF**

**v.**                                                                    **No. 4:20CV47-RP**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**                                         **DEFENDANTS**

## JUDGMENT

In accordance with the memorandum opinion entered this day:

(1) The Bolivar County Correctional Facility is **DISMISSED** with prejudice from this case because it is not amenable to suit under 42 U.S.C. § 1983;

(2) Nurse Ms. Johnson, Sgt. Mr. Brown, Sgt. Mr. Hicks, and Corrections Officer Mr. Farris are **DISMISSED** with prejudice from this suit because the plaintiff wishes them to be witnesses, rather than defendants;

(3) The Mississippi Department of Corrections is **DISMISSED** with prejudice from this suit because it is not a "person" who may be sued under 42 U.S.C. § 1983;

(4) Sheriff Kelvin Williams is **DISMISSED** from this case because the plaintiff has sued him only in his capacity as a supervisor;

(5) Defendants Warden Ora Starks, Case Worker Mrs. Williams, Captain Otis Hall, and Officer Mr. Butler are **DISMISSED** from this suit because the plaintiff's allegations against them involve only matters of his custody classification and housing assignment;

(6) The plaintiff's allegations regarding denial of access to prison education classes are **DISMISSED** because prisoners do not enjoy the right to such classes;

(7) Defendant G.E.D. Teacher Brittney Lathum is **DISMISSED** because the plaintiff's allegations against her involve only his access to prison education classes (which is not a valid § 1983 claim);

(8) Defendant Chief of Security Gloria Wesley is **DISMISSED** with prejudice from this case because the plaintiff's three allegations against her (illegal search of his cell, issuing a prison Rule Violation Report, and insulting him) do not state valid claims under § 1983;

(9) The plaintiff's claim that Officer Mr. Simpson ordered another inmate to attack him will **PROCEED**;

(10) The plaintiff's claim that Nurse Golliday denied him access to adequate medical care and retaliated against him will **PROCEED**; and

(11) His claim that Corrections Officer Payne blocked his access to medical care will also **PROCEED**.

(12) The plaintiff's claim against Captain Mr. King for failure to protect him against attack by other inmates will also **PROCEED**.

**SO ORDERED**, this, the 22nd day of July, 2021.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE