IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH DWAYNE HARTH, SR.** PLAINTIFF

v. No. 4:20CV47-RP

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.** DEFENDANTS

**ORDER *GRANTING* DEFENDANT GOLLIDAY'S MOTION [56]**
**TO SET ASIDE ENTRY OF DEFAULT**

This matter comes before the court on the motion [56] by defendant Rosie Golliday to set aside the Clerk's Entry [51] of Default against her. The Clerk of the Court entered a default against defendant Golliday because she was served with process, but did not timely answer or otherwise defend against the allegations in the complaint. Since the September 16, 2021, default was entered, counsel has appeared for defendant Golliday and, in the instant motion, provided a chronology of events that led to the default.

"Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 63 n. 1 (5th Cir. 1992). (quotations omitted). *See also United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir. 1985). Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960).

As Ms. Golliday has now appeared in the case and has included a proposed Answer to the complaint, the court will grant the instant Motion [56] to Set Aside default. No party will suffer prejudice as a result of this decision, and the matter will now proceed as any other *pro se* prisoner case. For these reasons, the instant Motion [56] to Set Aside Default Judgment is **GRANTED**. In addition, the Clerk of the Court is **DIRECTED** to file Defendant Golliday's Answer, which is attached as Exhibit 11 to the instant motion. The court will deem the Answer to be filed as of September 24, 2021 (the date the instant motion was filed).

**SO ORDERED**, this, the 25th day of October, 2021.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE