IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH DWAYNE HARTH, SR.** **PLAINTIFF**

v. No. 4:20CV47-RP

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.** **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION [68] TO
APPOINT EXPERT WITNESS**

This matter comes before the court on the motion [68] by the plaintiff to appoint an expert witness qualified to testify regarding "the examination of the defendant['s] testimonies and documents provided for trial purposes … [to] help the plaintiff to understand the evidence or to determine the facts of the case." Doc. 68. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the appointment of expert witnesses at government expense. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995), *see also* 28 U.S.C. § 1915. However, the court may appoint an expert under Fed. R. Ev. 706, which states:

> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

Fed. R. Ev. 706(a). As to compensation of the expert, Rule 706(c) provides:

> The expert is entitled to reasonable compensation, as set by the court. The compensation is payable as follows:
>
> (1) in a criminal case or in a civil case involving just compensation under the Fifth Amendment, from any funds that are provided by law; and
>
> (2) in any other civil case, by the parties in the proportion and at the time that the court directs – and the compensation is then charged like other costs.

Fed. R. Ev. 706(c). Rule 706 contemplates appointment of an expert to aid the court. *See* Christopher

B. Mueller & Laird C. Kirkpatrick, 3 Federal Evidence §§ 7:25, 7:26 (3d ed. 2007). The plaintiff, however, seeks an expert for his own benefit.

Some circuits have permitted the appointment of an expert even when one party was a pauper and unable to bear any of the costs. *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.), *vacated and remanded on other grounds*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991); *Webster v. Sowders*, 846 F.2d 1032, 1038–39 (6th Cir.1988). However, a district court should appoint an expert to aid an indigent party only in "compelling circumstances." *Hannah v. United States*, 523 F.3d 597 (5th Cir. 2008), *citing United States Marshals Serv. v. Means,* 741 F.2d 1053, 1059 (8th Cir.1984). The plaintiff in the present case has not, however, shown any compelling circumstances that would lead the court to conclude that appointment of an expert witness is warranted at this time. This is especially true because the type of expert the plaintiff describes is an attorney, and the court has twice denied the plaintiff's request for appointment of counsel. For this reason, the instant motion [68] for appointment of an expert witness is **DENIED** without prejudice.

**SO ORDERED**, this, the 4th day of March, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE