IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH DWAYNE HARTH, SR.**                                           **PLAINTIFF**

**v.**                                                                                **No. 4:20CV47-RP**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.**                                                    **DEFENDANTS**

**ORDER *WITHDRAWING* THE COURT'S PREVIOUS ORDER [127]**
**OF DISMISSAL, DISMISSING PLAINTIFF'S MOTION [140]**
**FOR WRIT OF MANDAMUS AS MOOT**

This matter comes before the court on the plaintiff's motion [140] for writ of mandamus. In his motion, the plaintiff requests that the court reverse its previous order [127] dismissing the instant case for failure to exhaust administrative remedies. The twists and turns of this case have left it in an odd posture.

First, the plaintiff consented [6] to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). After a *Spears* hearing [15], and before any defendant had been served with process, the Magistrate Judge entered an order dismissing all defendants, except defendant Rosie Golliday. Doc. 31. The court did not, at the time, provide Golliday with the option to consent to Magistrate Judge jurisdiction or decline it. The court then entered an order [127] attempting to dismiss this case for failure to exhaust administrative remedies.

The plaintiff appealed, and the Fifth Circuit Court of Appeals dismissed the plaintiff's appeal for want of subject matter jurisdiction. Doc. 139. The Fifth Circuit noted that Rosie Golliday, the sole remaining defendant in this case, had not, at that time, consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). Doc. 139-1 at 1. Without the consent of all defendants who had been served, the Magistrate Judge did not possess the authority to enter a final judgment in the case. 28

U.S.C. § 636(c). As such, the order in question – entered by a Magistrate Judge – was not a final judgment, and the Fifth Circuit held that, as a result, "the case remains in the district court." Doc. 139-1 at 1. Put succinctly, in the absence of consent, the Magistrate Judge did not have the authority to enter final judgment; as such, there was no appealable judgment for the Fifth Circuit to consider.

Once the case returned to this court from the Fifth Circuit, defendant Golliday consented to Magistrate Judge jurisdiction. Doc. 142. As such, the assigned Magistrate Judge *now* has the authority to enter a final judgment in this case. That leaves a question regarding the effect, if any, of the previous order [127] – entered without statutory authority – purporting to dismiss this case.

To clear up any confusion about the effect of that order [127], it is **WITHDRAWN**. As the order [127] was not a final judgment – and as it has been withdrawn – the plaintiff's motion [140] for writ of mandamus seeking reversal of the order is **DISMISSED** as moot. By separate order, the court will set a briefing schedule on the issue of exhaustion – and establish case management deadlines.

**SO ORDERED**, this, the 8th day of August, 2023.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE